| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| REGINALD TROY SUTTON, | § |
| Petitioner, | § § § |
| versus | §   CIVIL ACTION NO. 1:21-CV-207 |
| SHERIFF, JEFFERSON COUNTY, | § § |
| Respondent. | § § |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Reginald Troy Sutton, an inmate confined at the Jefferson County Correctional Facility, proceeding *pro se*, brought this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to a United States Magistrate Judge located in Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the petition without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings and all available evidence. Petitioner filed objections to the magistrate judge's Report and Recommendation and an amended complaint.

The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes petitioner's objections are without merit.

Petitioner has failed to either allege or demonstrate he exhausted state habeas remedies prior to filing this petition. Petitioner states in his objections that he "chose to default his state remedies and pursue federal court remedies." Exhaustion of available state remedies, however, is generally required, not petitioner's choice. *See Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987). Additionally, in his amended complaint, petitioner's request for the prosecution of the alleged victim and police officers for perjury is without merit. A prisoner does not have a

constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 904 F.2d 278, 281 (5th Cir. 1990).

Petitioner has failed to show either that he exhausted available state habeas remedies or "exceptional circumstances of peculiar urgency" which might excuse exhaustion. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Moreover, petitioner has failed to demonstrate special circumstances warranting interference with the ongoing state criminal proceedings. *See Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018); *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977). Accordingly, the petition should be dismissed without prejudice.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 11th day of April, 2022.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE